■ In the Matter of FOOD SERVICE DYNAMICS, INC., et al., Respondents, v GORDON AMBACH, as Commissioner of Education of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered September 29, 1978, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, and directed respondent to continue to process claims and determine amounts due various corporations who participated in the 1976-1977 summer feeding program for children administered by respondent. Petitioners seek, in this article 78 proceeding, to compel respondent to continue to process claims submitted to it, to compute the amounts due to service institutions and, to take whatever action is required by law to obtain funding to pay the amounts found to be due under agreements between the petitioner and the corporations the respondent contracted with to participate in the summer feeding program. The respondent entered into an agreement with the United States Department of Agriculture (USDA) to administer a summer program in New York

State intended to provide meals for disadvantaged children pursuant to the National School Lunch Act and the Child Nutrition Act. The respondent also entered into contracts with various not-for-profit corporations (sponsors) to distribute the food at approved sites. Respondent agreed to reimburse the sponsors for the moneys expended by them in supplying the meals for distribution to children. The petitioners entered into contracts with several sponsors to act as food service management companies and prepared and delivered meals to the sponsors for distribution to eligible children. The sponsors have failed to pay for the meals, claiming that they have not been reimbursed by the respondent. The respondent, on June 1, 1978, advised the USDA and the sponsors that as of June 16, 1978, it would cease to process claims for reimbursement from the sponsors and would not pursue the steps necessary to obtain funding from the USDA to pay the sponsors. It is petitioners' contention that after contracting with the USDA and with the sponsors an obligation was created under these contracts in favor of the service institutions and, in turn, in favor of the petitioners and that, consequently, petitioners have standing to bring this proceeding. The petitioners argue that their role in effecting the purposes of the National School Lunch Act and the Child Nutrition Act was an integral part of the whole and that respondent's failure to fulfill its obligations under enabling legislation has an adverse affect on petitioners. They conclude that their interest in this action is within the "zone of interest" to be protected by the legislation and confers on petitioners the necessary standing to bring this proceeding. Special Term, in reliance on *Matter of Dairylea Coop. v Walkley* (38 NY2d 6) and *Columbia Gas of N. Y. v New York State Elec. & Gas Corp.* (28 NY2d 117) found that petitioners were within the "zone of interest" of the agreement between the USDA and that respondents have the necessary standing to bring the action. We disagree. The "zone of interest" theory applies when the intent of the relevant statute is such that it confers standing to a litigant. We cannot conclude that Congress provided a summer feeding program to benefit the food service business. Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.