OPINION OF THE COURT
 

 Jasen, J.
 

 The question raised by this appeal is whether the Commissioner of Education acted in excess of his statutory authority when he granted a permanent teaching certificate to an employee of petitioner, Bradford Central School District. Before reaching that substantive issue, a threshold procedural question must be addressed. That question is whether the school district, as employer, has standing to challenge the commissioner’s determination.
 

 
 *162
 
 The facts of this case are not in dispute. Since the fall of 1972, respondent Gerrie A. Yanch has been employed as a music teacher by the Bradford Central School District. She was granted tenure at the end of her three-year probationary period. Although her supervisors had expressed dissatisfaction with her work in recent years, no formal charges were pending against her at the time this dispute over the status of her certification arose.
 

 In July of 1979, school officials realized their records did not indicate that Yanch had ever received permanent certification from the Commissioner of Education. Therefore, they requested verification of her status from the commissioner. At the same time, Yanch applied for permanent certification from the commissioner.
 

 The commissioner notified Yanch that she did not qualify for permanent certification because her training did not include student teaching experience, but that one year of paid full-time teaching experience could be substituted for that requirement on the recommendation of the administrator of the employing school district. The superintendent of the Bradford Central Schools refused to give Yanch the required recommendation despite her seven years of teaching experience in that district. She then requested that the commissioner waive the recommendation requirement. The commissioner determined that the superintendent of the school district was unreasonably withholding his recommendation; that “fair and equitable treatment” required that the student teaching requirement be waived for a teacher employed seven years by the same school district; and that Yanch was entitled to permanent certification.
 

 The school district commenced this article 78 proceeding seeking to annul the commissioner’s determination on the ground that it was arbitrary and capricious because the commissioner lacks the authority to waive any requirement imposed by regulation. The applicable regulation allows “[o]ne year of paid, full-time teaching experience” to be accepted as a substitute for the student teaching experience “when such experience carries the recommendation of the employing school district administrator.” (8 NYCRR
 
 *163
 
 80.17 [c].) Petitioner argues that without specific authorization from the Board of Regents allowing the commissioner to waive such requirements, he is bound to strictly adhere to the dictates of the regulations.
 

 Trial court agreed with petitioner’s arguments and annulled the determination of the Commissioner of Education on the ground that he was bound by the requirements of the regulation. Prior to reaching the substantive issue, the trial court found that the board of education was more than a “concerned bystander” and did have standing to challenge the commissioner’s determination. Citing the school board’s statutory obligation to employ only qualified teachers (Education Law, § 1709, subd 16; § 3010), the court described the commissioner’s determination as one which “directly and immediately affects matters which are the legitimate concern of the Board of Education.”
 

 The Appellate Division reversed and dismissed the petition on the ground that the school board did not have standing because it was not aggrieved by the commissioner’s determination. Furthermore, the court noted that questions of certification relate to a person’s “right to be licensed generally * * * and does not directly concern the district in its employer-employee relationship”.
 

 We now hold the board of education, as employer of the teacher granted permanent certification, has standing to challenge the commissioner’s determination, and we further hold that the determination of the commissi oner should be upheld. Since we reach the same result as the Appellate Division, but for different reasons, the order of the Appellate Division dismissing the petition brought by the Bradford Central School District should be affirmed.
 

 A school board is responsible for insuring that only qualified persons, as defined by sections 3001 and 3006 of the Education Law and the regulations promulgated thereunder, are employed to teach. A teacher who is not certified by the State is unqualified as a matter of law and cannot be employed or paid by a public school board of education. (Education Law, §§3001, 3010.) Thus, to have retained respondent Yanch as a teacher if in fact she was not certified would have meant that the school board was
 
 *164
 
 violating its statutory duty to hire only qualified teachers. The individual members of the school board would have been subject to both civil and criminal sanctions for breaching that duty. (Education Law, § 3010.) A board of education, therefore, as a teacher’s employer, has a legitimate interest in determining whether or not a teacher is properly certified.
 

 That interest in hiring qualified teachers means that the board of education comes within the “zone of interest” necessary to establish standing.
 
 (Matter of Dairylea Coop. v Walkley,
 
 38 NY2d 6, 9.) But in determining standing, it is also necessary to “carefully examin[e] the relevant statutes and precedents, [to ascertain] the presence or absence of a legislative intention to preclude review.”
 
 (Matter of Dairylea Coop. v Walkley, supra,
 
 at p 11.) In this case, there is no indication that the Legislature intended to preclude in any way school boards from seeking judicial review of decisions rendered by the Commissioner of Education. Indeed, the responsibility imposed on school boards and their individual members to hire only qualified teachers indicates otherwise.
 

 The final requirement to establish standing is that the petitioner show “that the administrative action will * * * have a harmful effect on the petitioner.”
 
 (Matter of Dairylea Coop. v Walkley, supra,
 
 at p 9.) In this case, the injury arises by virtue of the commissioner’s interpretation of this regulation. The wording of the regulation indicates that school boards, through their administrators, are to have an input in determining whether the student teaching requirement should be waived. When the commissioner interprets his regulations, as he did in this case, in a manner which arguably interferes with the discretion granted by those regulations to local school boards, there is sufficient injury to justify conferring standing.
 

 Furthermore, it is proper to grant standing in this case under the reasoning of
 
 Boryszewski v Brydges
 
 (37 NY2d 361). As in that case, a “failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny.”
 
 (Boryszewski v Brydges, supra,
 
 at p 364.) In a case such as this, if the board of education does not bring an action to review the Commissioner of Education’s
 
 *165
 
 determination awarding a teacher permanent certification, no judicial scrutiny of that determination will be available. Clearly, the other concerned parties — the teacher and the Commissioner of Education — will not seek a review of the commissioner’s determination.
 

 Having thus determined that the board of education does have standing, we cannot agree with the board’s contention that the commissioner abused his discretion by waiving the requirement of a recommendation and granting this teacher permanent certification. Although the applicable regulation indicates that a recommendation from the employing school district administrator must be obtained before one year’s teaching experience will be substituted for student teaching, it was within the discretion of the Commissioner of Education to waive that requirement. It was uncontroverted that this teacher had taught this subject for seven years and had been granted tenure by the Bradford Central School District. It was thus reasonable for the commissioner to determine that the school district officials were unreasonably withholding their recommendation and that “fair and equitable treatment” required him to grant respondent Yanch permanent certification.
 

 The Commissioner of Education is authorized by section 3004 of the Education Law to prescribe regulations, with the approval of the Board of Regents, governing certification of teachers and to award certification to those meeting the requirements. He is also charged with the duty of enforcing all laws related to education in the State and executing educational policy. (Education Law, § 305.) In carrying out those duties, it is within the commissioner’s authority to reasonably interpret the regulations promulgated by him with the approval of the Board of Regents. The commissioner’s discretion in interpreting these regulations is required to be rational and must, of course, comport with the intent of those regulations. It cannot be said, as a matter of law, that, on the facts of this case, the commissioner’s determination that respondent Yanch had met the requirements for permanent certification was either irrational or in violation of the intent of the regulation. It was clear this tenured teacher who had taught for
 
 *166
 
 seven years in the same district had completed at least one year’s paid full-time teaching experience. The commissioner properly determined that the regulation’s requirement of a recommendation was satisfied by proof that the school district had granted her tenure.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur; Judges Gabrielli and Meyer taking no part.
 

 Order affirmed.