NEW YORK HEARING AID SOCIETY, INC., et al., Appellants, v CHILDREN'S HOSPITAL AND REHABILITATION CENTER OF UTICA, Respondent.

Second Department, January 31, 1983

### APPEARANCES OF COUNSEL

*Segal, Liling & Greenberg (Philip A. Greenberg* of counsel), for appellants.

*Reboul, MacMurray, Hewitt, Maynard & Kristol (Walter F. Bottger* of counsel), for respondent.

*Guazzo, Silagi, Craner & Perelson, P.C. (Stephen A. Perelson* of counsel), for New York State Speech-Language-Hearing Association, *amicus curiae.*

### OPINION OF THE COURT

*Per Curiam.*

An organization of independent hearing aid dealers and two individual dealers have commenced this action to enjoin the Children's Hospital and Rehabilitation Center of Utica, a nonprofit hospital, from "fitting, renting or selling hearing aids for a profit", an alleged violation of subdivision 2 of section 785-a of the General Business Law. Compensatory and punitive damages are also sought. The defendant has moved to dismiss the complaint, alleging that primary jurisdiction to consider the dispute is with the Secretary of State and that plaintiffs lack standing to sue. We decide the appeal on the second ground.

Subdivision 2 of section 785-a of the General Business Law prohibits an "otorhinolaryngologist [a physician confining his practice to the problems of the ears], licensed audiologist, or other licensed physician" who has conducted an examination of a person and who has issued a written recommendation for a hearing aid, from engaging "in the business of fitting, renting or selling hearing aids for a profit". The plaintiffs claim that the defendant has violated the statute and the illegal competition has caused them injury. We conclude that the plaintiffs are without standing to bring this suit. Under the "zone of interest" doctrine relative to standing, plaintiffs must demonstrate that they have suffered an injury in fact and that they fall within the zone of interest the statute protects (*Matter of Bradford Cent, School Dist. v Ambach,* 56 NY2d 158; *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Unless the relevant statute at issue reflects an overriding purpose to prevent destructive competition, competitive injury, by itself, will not confer standing (*Matter of Dairylea Coop. v Walkley, supra,* p 11; *Matter of Oil Heat Inst. of Long Is. v Public Serv. Comm. of State of N. Y.,* 72 AD2d 828; *Matter of Bank v Allen,* 35 AD2d 245; *Ecology Action v Van Cort,* 99 Misc 2d 664).

The purpose of the statutory scheme provided in article 37 of the General Business Law is to protect the public from the "widespread abuses in the hearing aid industry" resulting from the sale of substantial numbers of hearing aids to persons who did not need them (Governor's Memorandum, NY Legis Ann, 1975, p 448). Since the Legislature has not revealed any intent to prevent competition of the type involved here, the plaintiffs have no standing to enforce the statute or recover damages deriving from its violation (see *Matter of Oil Heat Inst. of Long Is. v Public Serv. Comm. of State of N. Y., supra; Matter of Food Serv. Dynamics v Ambach,* 72 AD2d 656; *Matter of Long Is. Gasoline Retailers Assn. v Board of Stds. & Appeals of City of N. Y.,* 62 AD2d 1059; cf. *Matter of Our Lady of Good Counsel R. C. Church & School v Ball,* 45 AD2d 66).

Accordingly, the complaint was properly dismissed.

Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.

Order of the Supreme Court, Kings County, dated June 7, 1982, affirmed, with one bill of $50 costs and disbursements payable by the plaintiffs to the defendant.