OPINION OF THE COURT
Vincent R. Balletta, J.
The plaintiff, Peter F. Cohalan, County Executive of Suffolk County, and Wayne Prospect, the Suffolk County legislator for the 15th District in Suffolk County, bring this action in both their official capacity and as individuals. The complaint contains two causes of action. The first cause of action alleges an illegal sale of inexpensive electric power to defendant, Grumman Corporation, by the Power Authority of the State of New York (PASNY), sued herein as the New York Power Authority, and an unlawful and inequitable discrimination against defendant Long Island Lighting Company’s (LILCO) residential customers *998 by virtue of the fact that the residential electric rates will be increased to subsidize the amount of LILCO’s fixed costs attributable to Grumman’s nonuse of LILCO power. The second cause of action alleges an unlawful and inequitable discrimination against the County of Suffolk and other commercial consumers whose rates will increase in order to subsidize the costs attributed to Grumman’s decreased demand for LILCO’s power. The complaint seeks to enjoin: (1) defendant PASNY from selling certain electric power to defendant Grumman; and (2) defendant LILCO from raising any rates on account of PASNY’s sale of electricity to Grumman.
Pursuant to section 1005 of the Public Authorities Law, PASNY was authorized to construct certain nuclear generating facilities to supply low-cost power and energy to high-load-factor manufacturers. One of the facilities built by PASNY pursuant to this statute was the James A. FitzPatrick Nuclear Power Plant near Oswego, New York. In October, 1975, PASNY entered into an agreement with Aireo Speer Carbon-Graphite, Inc. (AIRCO) for the sale and transmission of 7,662 kilowatts of power from the FitzPatrick plant. It is not in dispute that AIRCO comes within the definition of a high-load-factor manufacturer, i.e., one for whom the cost of electricity represents at least 71/2% of its total product value. Thereafter, AIRCO indicated to PASNY that it would be unable to use all of the power allocated to it because of business conditions. The contract between PASNY and AIRCO contained a clause concerning the transfer of interest in the contract by the customer (AIRCO), which clause reads as follows: “No voluntary transfer of service by customer or of the rights of customer under its accepted application for service shall be made without the written approval of Authority; provided, that any successor or assignee of the rights of the customer, whether by voluntary transfer, judicial sale, foreclosure sale, or otherwise, shall be subject to all the provisions and conditions of this contract to the same extent as though such successor or assignee were the original customer.”
In response to AIRCO’s request and in accordance with the contract provision above set forth, PASNY agreed to attempt to temporarily reassign a portion of the power allocated to AIRCO for the period of one year. It is the position of the Authority that in accordance with the said paragraph, it temporarily reassigned the power to Grum *999 man. The Authority further takes the position that such transfer is pursuant to subdivision 11 of section 1005 of the Public Authorities Law, which section gives the Authority discretion to carry out its powers and duties.
It is conceded by all parties that defendant Grumman does not fit within the statutory definition of a high-load-factor manufacturer. The plaintiffs argue that this agreement therefore violates the specific mandate of section 1005 of the Public Authorities Law, which provides in pertinent part that the Authority: “supply low cost power and energy to high load manufacturers which will build new facilities in the authority’s area of service or expand existing facilities provided such power and energy is made available to them”.
PASNY, however, takes the position that this electrical power is being provided to Grumman by virtue of AIRCO’s relinquishment and is on a temporary basis only and was done for the avowed purpose of encouraging Grumman to expand its industrial facilities within New York State.
There are now before the court motions by all three defendants seeking to dismiss the complaint for failure to state a cause of action. With respect to defendant LILCO, clearly a cause of action has not been stated. LILCO is not a party to any agreement between PASNY and Grumman, is not supplying power, nor is it the recipient of any benefits from PASNY. It will merely transmit power over its lines from the FitzPatrick Nuclear Plant to Grumman, and will be compensated for such services by PASNY. Clearly, no cause of action has been set forth against defendant LILCO.
With respect to the remaining defendants, since the plaintiffs are seeking to attack the administrative actions of defendant PASNY, the court must initially determine whether the plaintiffs are proper parties to bring any such action. In determining whether they are proper parties, the court must apply the “zone of interest” test. (Bradford Cent. School Dist. v Ambach, 56 NY2d 158.) If the plaintiffs do not come within this “zone of interest”, then they do not possess the standing necessary to proceed with the action. (Bradford Cent. School Dist. v Ambach, supra.) The test is two-pronged, and to meet it a party must show that the administrative action: (1) will in fact have a harmful affect on the plaintiff; and (2) that the interest asserted is argu *1000 ably within the zone of interest to be protected by statute. (Matter of Dairylea Coop. v Walkley, 38 NY2d 6.)
In the instant case, the plaintiffs argue that they have standing to challenge the defendants’ actions: “insofar as they violate State law and threaten to injure the County and all County ratepayers. The challenge presented by the plaintiffs is whether NYPA, as a State agency, limited in its actions by the Public Authorities Law, has acted in excess or in violation of its grant of authority.”
While at first blush the plaintiffs’ argument for standing appears to have some validity, a careful analysis of the two-pronged test clearly reveals that their argument is flawed. The plaintiffs urge that if the power in question is sold to Grumman at a reduced rate, other LILCO commercial customers will have to “pick up the slack” for any loss of revenue LILCO incurs. The defendants argue that the plaintiffs’ complaint amounts to nothing more than what would be classified as a rate case, which must, in the first instance, be presented to the Public Service Commission (PSC).
This court is not impressed with the argument that the PSC has exclusive original jurisdiction in such matters. The question raised by the plaintiffs is not truly a rate question for the determination of the PSC. The plaintiffs seek to prevent any loss of revenue to LILCO because of an alleged unauthorized act on the part of PASNY. If the only recourse would be to go to the PSC, it would be necessary for the plaintiffs to wait until the alleged illegal act was completed and an application for an increase in rates was made by LILCO. Since LILCO was not a party to any of these agreements, it is obvious to this court that it could not be held responsible for any loss in revenue because of the action of PASNY, and therefore the argument before the PSC as to the illegality of the Power Authority’s action would have little or no affect on the decision of that Commission. The plaintiffs seek to prevent a loss of revenue to LILCO which would lead to such an application, and as such, it may well be that the courts would have jurisdiction. Although a prospective increase in rates is speculative, such an increase would adversely affect plaintiffs.
However, the plaintiffs have more difficulty in addressing themselves to the second half of the two-pronged test. In order to meet that test, the plaintiffs must secón *1001 darily show that they have an interest which the statute seeks to protect. In this case, the statute in question does not seek to protect the plaintiffs or the residents of the County of Suffolk, but rather concerns itself with supplying power to high-load-factor manufacturers. Indeed, it could hardly be argued that either of the plaintiffs, in his individual capacity or his representative capacity, is a high-load-factor manufacturer and is intended to be benefited by the statute. The plaintiffs therefore do not meet the zone of interest test.
There are several interesting questions which technically do not require a determination on this motion. Section 1005 of the Public Authorities Law limits PASNY with respect to its distribution of energy to high-load-factor manufacturers. This court seriously doubts whether the Power Authority can expand that limitation by virtue of a contract with one of its customers. The mere fact that the Authority has agreed to allow the transfer of service by the customer does not necessarily mean that such transfer can be authorized to a user who would not initially be entitled to such power. The Legislature has provided for a target group, and the position of the Authority to the effect that it may authorize a customer to transfer to a user not within that target group appears to be seriously flawed. Similarly, the position of the Authority that it may do so pursuant to subdivision 11 of section 1005, wherein the Authority is authorized and directed to “exercise all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this title” is tenuous at best, since the Authority has interpreted that subdivision without regard to the original limitation set forth in section 1005.
It should also be pointed out that although the caption appears to express an intent to pursue relief as a class action suit, no application to proceed pursuant to CPLR article 9 has been made (CPLR 902), and the court will not concern itself at this time with the merits of such application, especially in view of the failure of the plaintiffs to meet the zone of interest test.
Based upon the foregoing, the motions of defendants Power Authority of the State of New York and Grumman Corporation are likewise granted and the complaint in this action is dismissed in its entirety.