In the Matter of FRIENDS OF THE SHAWANGUNKS, INC., Appellant, v EDWARD JACOBS, as Mayor of the Village of Ellenville, et al., Respondents. — Mahoney, P. J.

On August 15, 1983, respondents Village of Ellenville and Genro Energy Systems, Inc. (hereinafter Genro) entered into a lease to allow Genro, a private power producer, to develop a wind energy generating project on lands owned by the village. The lands at issue consist of approximately 2,057 acres in the Shawangunk Mountains in Ulster County. Petitioner is a not-for-profit corporation incorporated under the laws of the State of New York, with its principal place of business in Ulster County. Petitioner commenced this CPLR article 78 proceeding seeking to set aside the lease. Respondents' answer raised as an affirmative defense that petitioner lacked standing to commence the proceeding. Special Term held that petitioner lacked standing and dismissed the petition. This appeal by petitioner ensued.

Petitioner challenges the lease on three grounds. The first is that respondents leased property constituting the village's water supply without a prior determination that the property was no longer necessary for water supply or other village purposes, allegedly in violation of Village Law § 11-1128. The remaining grounds are that, in executing the lease, the village violated long-standing New York laws. However, petitioner has not set forth any statutes, regulations or case law in support of this contention. Thus, for the purpose of determining whether

petitioner has standing, we must confine our analysis to alleged violation of Village Law § 11-1128.

The statute alleged to have been violated provides, in pertinent part, that: "a village may * * * (2) sell, transfer or lease properties constituting its water supply and distribution system * * * upon a determination by the board of trustees of the village that the properties to be sold, transferred or leased are no longer necessary for water supply or other village purposes" (Village Law § 11-1128). Obviously, residents of a village have an interest in preserving their village's water supply. Since this interest is within the zone of interest to be protected by the statute, and since the statute cannot be read as precluding review, residents of respondent village would clearly have standing to challenge the lease as violative of the statute (*see, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). In this case, petitioner is not a village resident or an association of village residents, but a corporation whose purpose is to ensure the preservation and prudent development of the natural environment of the Shawangunk Mountains.

In *Matter of Douglaston Civic Assn. v Galvin* (36 NY2d 1), the Court of Appeals discussed the factors to be considered in determining whether an organization should have standing. While that case involved a challenge to a decision of a zoning board, the analysis should also be applicable to a case such as the instant one. Factors discussed in *Douglaston* include (1) the capacity of the organization to assume an adversary position, (2) the size and composition of the organization as reflecting a position fairly representative of the community or interests which it seeks to protect, (3) the adverse effect of the decision sought to be reviewed on the group represented by the organization as within the zone of interest sought to be protected, and (4) whether membership in the organization is open to all other individuals whose interests are arguably within the zone of interest (*see, supra,* p 7).

In the instant case, there is no question raised with regard to the first and fourth factors. In analyzing the remaining factors, it must be kept in mind what interests petitioner is seeking to protect in this proceeding. Petitioner's interest is, in general, to protect the Shawangunk Mountains and, specifically, to prevent the development of the wind energy project which is the basis for the lease. However, since the basis of this proceeding is the alleged violation of Village Law § 11-1128, the interest sought to be protected herein is the necessity that the village find that lands constituting a water supply are no longer necessary for

use as such prior to a lease of such properties. Thus, to determine whether petitioner is taking a position fairly representative of those members with interests arguably within the zone of interest it is seeking to protect, as well as the adverse effect of the execution of the lease on these members, the composition of petitioner's organization is crucial. In the petition, petitioner simply alleges that it "has approximately 600 members, many of whom live in the Village and many of whom use the Shawangunk Mountains, including the area owned by the Village and leased to Genro, for recreational purposes, including, among other things, hiking and nature study". This allegation is plainly insufficient to determine whether, based on the composition of petitioner's membership, it has standing to challenge respondents' action as violative of Village Law § 11-1128. For this reason, petitioner failed to establish standing and the petition was properly dismissed by Special Term.

Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.