■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF ROME, Appellant, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered November 30, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education dismissing a disciplinary charge filed against respondent Samuel J. Polizzi.

In 1979, respondent Samuel J. Polizzi became a tenured teacher of secondary mathematics in the Rome City School District. His failure to obtain permanent certification by September 1981 prompted petitioner to initiate proceedings in June 1982, pursuant to Education Law § 3020-a, to have him dismissed on the ground of incompetency. That proceeding

was abandoned a few months later when the Department of Education issued Polizzi a permanent teaching certificate retroactive to September 1981.

Thereafter, in March 1983, petitioner initiated another disciplinary proceeding against Polizzi pursuant to Education Law § 3020-a. Included in the charges lodged was an accusation that Polizzi was incompetent because he lacked appropriate State certification; this charge essentially challenged the retroactivity of the effective date given by the Department to Polizzi's permanent certificate.* The tenure hearing panel concluded that Education Law § 3020-a did not confer jurisdiction upon it to review such actions by the Department and dismissed that charge. For the same reason, respondent Commissioner of Education rejected petitioner's appeal brought pursuant to Education Law § 310 (7). Petitioner thereupon commenced the instant CPLR article 78 proceeding to have that determination annulled. Special Term found the Commissioner's decision rationally based and dismissed the petition.

The single issue underlying petitioner's appeal is whether Education Law § 310 (7) obliged the Commissioner to review the propriety of the Department's issuance of a permanent teaching certificate to Polizzi. To the extent pertinent here, Education Law § 310 reads as follows: "Any party conceiving himself aggrieved may appeal by petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this article. The petition may be made in consequence of any action". Seven enumerated subdivisions follow, the first six of which clearly appertain to common schools. The seventh subdivision allows the Commissioner to entertain appeals: "By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools" (Education Law § 310 [7]).

It is petitioner's contention that Education Law § 310 (7) is so broad and apparently all encompassing as to require the Commissioner to determine an appeal of virtually anyone who has a grievance concerning any matter under the Education Law. That subdivision is not such a general vehicle for review. Indeed, in *Matter of Bowen v Allen* (17 AD2d 12, *affd* 13 NY2d 663), this court, evaluating a similar argument, observed that

---

* Two other charges were disposed of by a stipulation entered into between petitioner and Polizzi.

although the language contained in Education Law § 310 (7) "could literally, and if it stood alone, embrace much more than the common school classifications of the first six subdivisions, the words * * * do not stand alone, and * * * are circumscribed and modified by the contextual words which precede and follow them" *(supra,* p 14). Accordingly, it was concluded that the statute deals throughout with the common schools and, inferentially, that it does not invest the Commissioner with carte blanche appellate jurisdiction in all controversies involving the Education Law *(supra,* p 15).

The Commissioner's construction of Education Law § 310 authorizing him to consider appeals from local or county officials but not from actions by the Department *(see, e.g., Matter of Board of Educ.,* 19 Ed Dept Rep 1; *Matter of Handicapped Child,* 18 Ed Dept Rep 609; *Matter of Baker,* 11 Ed Dept Rep 125)* squares with the rationalization voiced in *Matter of Bowen v Allen (supra).* From this analysis, it is evident that the Commissioner's decision herein was neither arbitrary nor capricious. In passing, we notice that petitioner acknowledges that review of the Department's retroactive issuance of Polizzi's teaching certificate would have been available through a timely CPLR article 78 petition *(see, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158).

Judgment affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.