■ In the Matter of CHRISTINE H. VERBER, Respondent, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered April 10, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to review a determination of the Dean of the State University of New York Health Science Center at Brooklyn dismissing petitioner from the midwifery program.

Petitioner was dismissed from the midwifery program at the College of Health Related Professions at the Health Science Center of the State University of New York (hereinafter SUNY) at Brooklyn after failing various examinations. She sought administrative review of her dismissal by respondent who declined jurisdiction over postsecondary education decisions under Education Law § 310. Petitioner then commenced this CPLR article 78 proceeding to have respondent review her dismissal. Respondent raised objections in point of law and moved to dismiss for failure to state a cause of action. Supreme Court denied the motion and granted the petition by requiring respondent to review petitioner's dismissal. Respondent appeals.

We reverse. Supreme Court relied on *Matter of Patti Ann H. v New York Med. Coll.* (88 AD2d 296, *affd* 58 NY2d 734) in holding that respondent was required to review petitioner's graduate school dismissal before any judicial review was available. Although there is language in the Second Department's decision concerning respondent's authority to review college student dismissal decisions under Education Law § 310 *(supra, at 300-301)*, the Court of Appeals' affirmance reached the merits relying on findings that the dismissal at issue was a good-faith decision based on the exercise of sound academic judgment *(Matter of Patti Ann H. v New York Med. Coll.,* 58 NY2d 734, 735). It is clear, then, that *Matter of Patti Ann H.* does not recognize any statutory requirement on respondent to review postsecondary school dismissals. This view is entirely consistent with our earlier position that respondent has no authority under Education Law § 310 to review academic controversies in SUNY *(see, Matter of Bowen v Allen,* 17 AD2d 12, *affd* 13 NY2d 663). Since there is no statutory basis under which respondent can review petitioner's dismissal from the SUNY academic program, petitioner has no grounds to receive the relief sought *(see, Matter of Board of Educ. v Ambach,* 118 AD2d 932). Accordingly, the judgment must be reversed, re-

spondent's motion to dismiss granted and the petition dismissed.

Judgment reversed, on the law, without costs, motion to dismiss granted and petition dismissed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.