■ In the Matter of RICHARD GILKES et al., Appellants, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [597 NYS2d 224] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 8, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for, *inter alia,* failure to state a cause of action.

Petitioners, individual parole officers and the union which represents them, brought this proceeding to challenge the legality of respondents' creation of a parole supervision status called "inactive supervision". Under the previous system of parole supervision, a parolee was initially placed under "intensive" supervision, and after 15 months (unless released before that time), was moved to "regular" supervision, which requires less frequent contact with the assigned parole officer. Under the restructured system, implemented in two phases in April 1991 and July 1991, parolees who have served a certain period of time under regular supervision will, barring excep-

tional circumstances, be placed in a new category, "inactive supervision", which essentially eliminates the requirement of periodic contact between the parolee and the supervising parole officer. Petitioners contend, *inter alia,* that respondents are constrained by statute to supervise all inmates released on parole (Executive Law § 259-a [4]), and that by placing parolees into the new category respondents are failing to perform this duty.

Respondents moved to dismiss the petition, on the grounds that petitioners lack standing to challenge the restructuring, that it was a discretionary action which presents a nonjusticiable controversy and that the petition fails to state a cause of action. Supreme Court granted respondents' motion and petitioners appeal.

Because petitioners have not demonstrated that the restructuring has caused them, or in fact will cause them, any actual harm, we find that they lack standing to question its legality. Petitioners assert that parolees placed on "inactive supervision" status will pose more of a danger to parole officers, for they will not be monitored regularly, and may regress farther into criminal and antisocial behavior than would be likely with continual oversight. If contact must at some point be made with such a parolee, they argue, the potential exists that the parole officer may be exposed to a volatile and dangerous situation, which could have been avoided had the officer known earlier of such behavior and had the opportunity to act upon such knowledge before the danger escalated. Thus, petitioners contend that the creation of this category places them at greater risk in carrying out their duties. The petition, however, contains no specific facts in support of this argument; that such contact may happen, and that it may be more dangerous than ordinary contact made under the regular or intensive supervision regimes, is mere speculation and not sufficient to establish "injury in fact", which is the predicate for standing to seek judicial review *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *see also, Association of Bds. of Visitors of N. Y. State Facilities v Prevost,* 98 AD2d 260, 263). That a matter may be of vital public concern is not enough to confer standing *(see, Society of Plastics Indus. v County of Suffolk, supra,* at 769).

Finally, petitioners have not established that their interest in maintaining a less hazardous work situation is within the "zone of interests" *(Society of Plastics Indus. v County of Suffolk, supra,* at 773-774) which the laws concerning parole supervision were designed to protect *(see, Matter of Ayers v*

*Coughlin,* 72 NY2d 346, 355; *Matter of Food Serv. Dynamics v Ambach,* 72 AD2d 656, 657).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.