■ In the Matter of DUN-RITE TOWING, INC., et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [634 NYS2d 173] —In a proceeding pursuant CPLR article 78 to review a determination of the Westchester County Department of General Services dated May 26, 1993, accepting the bids of the highest bidders to provide towing services on county-owned property and facilities within the County of Westchester, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Carey, J.), entered June 6, 1994, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Various towing companies submitted bids for the exclusive right to tow vehicles from county-owned property and facilities within the County of Westchester. The highest bidders were awarded the exclusive right to tow vehicles in a particular geographic zone up to the maximum rate. The petitioners challenge the award of contracts to the highest bidders, arguing that the cost thereof will ultimately be borne by members of the public whose vehicles are towed, thereby creating an illegal tax.

The Supreme Court properly determined that the petitioners lack standing to bring this proceeding. In Matter of Dairylea Coop. v Walkley (38 NY2d 6, 8-11) and Matter of Bradford Cent. School Dist. v Ambach (56 NY2d 158, 163-164), the Court of

Appeals established three criteria for determining standing in an administrative proceeding. They are: "(1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced; (2) the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing; and (3) there must be no clear legislative intent negating review" *(Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443). The petitioners failed to meet this test since they did not allege in their petition that the alleged tax created by the bidding process would be imposed upon them. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.