■ In the Matter of DAVID KIRMAYER, Appellant, v STATE OF NEW YORK CIVIL SERVICE COMMISSION et al., Respondents. [652 NYS2d 909] —Crew III, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered November 14, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of standing.

Petitioner is employed as a Computer Systems Programmer I with the State Office of Mental Health (hereinafter OMH). In December 1994, Catherine Dryden received a provisional appointment to the title of Supervisor of Revenue Operations within OMH. In January 1995, petitioner requested that respondent Department of Civil Service revoke Dryden's appointment upon the basis that it violated Civil Service Law § 65 (4). Following the Department's refusal to revoke the appointment or to allow petitioner to appeal to respondent Civil Service Commission, petitioner commenced this CPLR article 78 proceeding. Respondents moved to dismiss the petition and Supreme Court granted the motion, finding that petitioner lacked standing to commence the proceeding. Petitioner now appeals.

In order to have standing to challenge the action of an

administrative agency, the following criteria must be present: "(1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced; (2) the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing; and (3) there must be no clear legislative intent negating review" (*Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 442-443; *see, Matter of Dun-Rite Towing v County of Westchester*, 221 AD2d 628, 629). As to the second requirement, the aggrieved party must demonstrate "special damage, different in kind and degree from the community generally" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413).

In this regard, petitioner does not claim that he is qualified for or should have been appointed to the position to which Dryden was appointed. Rather, he claims that had the position held by Dryden been filled by someone in his promotional unit, he could have applied for the vacancy created by that individual. We agree with Supreme Court that petitioner's so-called "injury"—stemming from his purported inability to apply for an unspecified position that might have become vacant through the promotion of some unknown individual—is purely speculative and that petitioner simply has not demonstrated the type of special damage necessary to confer standing (*see, Matter of Hoston v New York State Dept. of Health*, 203 AD2d 826, 827-828, *lv denied* 84 NY2d 803). Consequently, the judgment must be affirmed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.