In the Matter of NATHANIEL SHAFER, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent. [663 NYS2d 359] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which fined petitioner for professional misconduct in practicing medicine.

Petitioner is a physician licensed to practice medicine in New York. In this CPLR article 78 proceeding, he challenges respondent's determination finding him guilty of (1) fraud in submitting a bill falsely claiming that he conducted 10 follow-up hospital visits with patient A between January 21, 1983 and January 30, 1983 when, in fact, respondent did not visit patient A on January 21, 1983 and January 22, 1983, and (2) unprofessional conduct pursuant to 8 NYCRR 29.2 (a) (3) for failing to maintain records which accurately reflected the evaluation and treatment of patient A and patient B, in that each patient's daily progress notes for the period from January 21, 1983 through January 24, 1983 were nearly identical to one another and did not accurately reflect the condition of the patient, and imposing concurrent fines of $10,000. We are not persuaded by petitioner's assertions of error and, accordingly, confirm the challenged disposition and dismiss the petition.

As a threshold matter, we disagree with petitioner's conten-

tion that the substitution of two members of the Hearing Committee of the State Board for Professional Medical Conduct during the pendency of the hearings on the charges against him deprived respondent of jurisdiction. We do not construe the provision of Public Health Law § 230 (10) (f) that "[a] hearing which has been initiated shall not be discontinued because of the death or incapacity to serve of *one member* of the hearing committee" (emphasis supplied) as requiring discontinuation of the hearing in the event of the death or incapacity of more than one member. To the contrary, in *Matter of Laverne v Sobol* (149 AD2d 758, 760, *lv denied* 74 NY2d 610) this Court interpreted the very same language, then contained in Education Law § 6510 (3) (c), as permitting the replacement of two members of a hearing panel (*accord, Matter of Briggs v Board of Regents*, 188 AD2d 836, 837, *lv denied* 81 NY2d 708). The more appropriate inquiry is whether the substitute committee members "ha[d] read and considered evidence and transcripts of the prior proceedings" (Public Health Law § 230 [10] [f]) and made an informed decision on all of the hearing evidence (*see, Matter of Taub v Pirnie*, 3 NY2d 188, 194-195; *Matter of Briggs v Board of Regents, supra*, at 837), requirements that the record shows to have been satisfied in this case.

Next, we reject petitioner's attack on the sufficiency of the evidence to support the finding that petitioner did not visit patient A on January 21, 1983 or January 22, 1983. Catherine Graham, the head nurse on patient A's floor at the time of his hospitalization, testified that she first saw patient A on January 22, 1983, at which time she talked with him and asked him whether he was experiencing any headache, dizziness, numbness or pain. According to Graham, patient A "appeared kind of healthy for somebody in the hospital" and denied any of those symptoms. Graham saw patient A the following day and he continued to deny any problems. When she examined his chart to determine petitioner's plans for the patient, she discovered that there had been no physician's progress notes from the time of patient A's January 20, 1983 admission. Later that day, however, Graham found that progress notes had been entered for four different dates, but the notes were unsigned and there was no patient name on the top of the chart to indicate that it was the correct chart. Graham asked patient A if his doctor had been in to see him that day, and patient A responded that his doctor had not seen him since the day he was admitted.

Yet later on January 23, 1983, an unfamiliar woman asked Graham for patient A's chart. When asked to identify herself

the woman stated that she was petitioner's "assistant", and upon inquiry by Graham acknowledged that she had entered the unsigned progress notes in patient A's chart. Graham then challenged the woman's authority, indicating that she should not be looking at patient A's records, and demanded the return of the chart. Within five minutes, petitioner appeared at the nurses' station and explained that the woman was his assistant and that she had seen and assessed patient A. Petitioner then signed the progress notes, made additional written notations and changed the date of the fourth entry from January 24, 1983 to January 23, 1983. Graham noted that the progress notes for each of the four days were "very, very similar" and the documentation of headaches, dizziness, drowsiness and pain directly contradicted patient A's denials of the very same symptoms. Graham promptly notified her supervisor of the foregoing occurrences, wrote a memo to the assistant director of nursing and also advised the quality assurance department.

This Court's review is, of course, limited to the question of whether respondent's determination was arbitrary and capricious, affected by an error of law or an abuse of discretion; as such, "our inquiry is whether the administrative determination has a rational basis supported by fact" (*Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814). In making this inquiry, we will not decide credibility issues, resolution of which are solely within the province of the administrative fact finder (*see, id.,* at 958). Clearly, Graham's testimony provided sufficient evidentiary support for the finding that petitioner did not see patient A on January 21, 1983 and January 22, 1983, a fact that is unaffected by the existence of contrary testimony by petitioner, Lydia Hochberg (the individual identified as petitioner's assistant) and even by patient A, all of whom the Hearing Committee specifically determined were not credible witnesses (*see, id.; Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990).

Petitioner's remaining contentions are found to be either lacking in merit or unsupported by the record.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.