OPINION OF THE COURT
George B. Ceresia, Jr., J.
John Doe, M.D. (hereinafter, petitioner), a duly licensed physician, has commenced the above-captioned combined action/proceeding to review a determination of the New York State Department of Health and the Office of Professional Medical Conduct (OPMC) (respondent). On (date) petitioner was issued a formal warning under Public Health Law § 230 with respect to certain alleged professional misconduct. Petitioner asserts that the charges were not established by substantial evidence. He alleges, inter alia, that the warning jeopardizes his ability to continue to practice medicine. For example, he contends that he will be required, in the future, to disclose the existence of the warning in employment and insurance documents. He also maintains that the warning may impair his ability to become credentialed at a new facility, and/or it may impair his ability to maintain his credentialed status at existing facilities. Petitioner seeks to have the warning rescinded and expunged from his record. Petitioner also seeks a declaratory judgment pursuant to article 30 of the CPLR to determine his rights.
Petitioner alleges that the investigation by OPMC was motivated by the professional jealously of competitor (physicians), who encouraged his patients to file false charges against him. He asserts that the warning was not based upon the specific grievance filed in (month, year) (the grievance which initiated the investigation), but rather was issued solely by reason that petitioner had been the subject of eight previous grievances and investigations, all of which had been dismissed.
Respondents have made a motion to dismiss the complaint pursuant to CPLR 3211. Respondents allege that the determination under review is nonfinal and has not caused petitioner any immediate injury. It is argued that petitioner has failed to establish the requisite standing to maintain the action/ proceeding by reason that any alleged injury is unduly speculative. In respondents’ view, since the warning carries with it no penalty, it has no tangible impact upon the *459 petitioner. Respondents further maintain that the administrative action, being nonfinal, is not “ripe” for judicial determination, and does not represent a justiciable controversy.
With respect to the question of standing, the court notes that this is a threshold issue and a litigant must establish standing in order to seek judicial review (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]). The burden of establishing standing is on the party seeking review (id.). In order to have standing to challenge the action of an administrative agency, the following criteria must be met: (1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced; (2) the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing; (3) there must be no clear legislative intent negating review (see, Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442-443 [1983], citing Matter of Bradford Cent. School Dist. v Ambach, 56 NY2d 158, 163-164; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 8-11; see also, Matter of Kirmayer v State of New York Civ. Serv. Commn., 236 AD2d 705, 705-706 [3d Dept 1997]). With regard to the second requirement, the aggrieved party must demonstrate “special damage,” different in kind and degree from the community generally (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413; Matter of Kirmayer v State of New York Civ. Serv. Commn., supra at 706).
Public Health Law § 230 (10) contains the following provision establishing an expedited procedure for handling professional misconduct proceedings:
“(m) Expedited procedures, (i) Violations. Violations involving professional misconduct of a minor or technical nature may be resolved by expedited procedures as provided in subparagraph (ii) or (iii) of this paragraph. For purposes of this paragraph violations of a minor or technical nature shall include, but shall not be limited to, isolated instances of violations concerning professional advertising or record keeping, and other isolated violations which do not directly affect or impair the public health, welfare or safety.
“(ii) Administrative warning and consultation. If the director of the office of professional medical conduct, after obtaining the concurrence of a ma *460 jority of a committee on professional conduct, and after consultation with the executive secretary, determines that there is substantial evidence of professional misconduct of a minor or technical nature or of substandard medical practice which does not constitute professional misconduct, the director may issue an administrative warning and/or provide for consultation with a panel of one or more experts, chosen by the director. * * * Administrative warnings and consultations shall be confidential and shall not constitute an adjudication of guilt or be used as evidence that the licensee is guilty of the alleged misconduct. However, in the event of a further allegation of similar misconduct by the same licensee, the matter may be reopened and further proceedings instituted as provided in this section.” (Public Health Law § 230 [10] [m] [emphasis supplied].)
Very clearly, an administrative warning, even though it may not be used as evidence of misconduct, has significance in at least two important respects. In the first, as the emphasized language (supra) indicates, in the event of future similar misconduct, it may be reopened and further proceedings taken. This, obviously, would not be the case if the proceeding was dismissed, and no warning issued. Secondly, and equally important, an administrative review board is entitled to consider previous warnings in connection with prior similar conduct in meting out penalties with respect to subsequent violations (see e.g., Matter of Kaphan v DeBuono, 268 AD2d 909, 911 [3d Dept 2000]). In these two respects, the issuance of an administrative warning operates as an irreversible predicate for further action by OPMC against a medical professional. In view of the consequences which may befall the petitioner at some later date, the court is of the view that petitioner should be afforded the opportunity to seek review of the determination in a timely fashion.
Under such circumstances, the court is of the view that petitioner has demonstrated that the determination to issue a warning will have a harmful effect upon the petitioner, and that the injury is within the zone of interest to be protected by Public Health Law § 230 (10) (m). There appears to be no clear legislative intent negating review. In the court’s view the petitioner possesses the requisite standing to review the determination to issue a warning. The matter is ripe for review.
*461 Accordingly it is ordered that the motion of the respondents to dismiss the petition be and hereby is denied.