Matter of Brennan Ctr. for Justice At NYU Sch. of Law v New York State Bd. of Elections (2018 NY Slip Op 02227)





Matter of Brennan Ctr. for Justice At NYU Sch. of Law v New York State Bd. of Elections


2018 NY Slip Op 02227


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

524905

[*1]In the Matter of BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW et al., Appellants,
v
NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Emery Celli Brinckerhoff & Abady LLP, New York City (Elizabeth S. Saylor of counsel) and Wendy R. Weiser, Brennan Center for Justice at NYU School of Law, New York City, for appellants.
William J. McCann Jr., New York State Board of Elections, Albany, for New York State Board of Elections, respondent.
Sinnreich, Kosakoff & Messina, LLP, Central Islip (John Ciampoli of counsel), for Edward Cox and another, respondents.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Fisher, J.), entered March 16, 2016 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent State Board of Elections denying a
request to rescind said respondent's 1996 Opinion No. 1.
The background of this matter is more fully discussed in this Court's decision in a related appeal (Matter of Brennan Law Ctr. for Justice at NYU School of Law v New York State Bd. of Elections, ___ AD3d ___ [appeal No. 524950, decided herewith]). In 1996, respondent State Board of Elections (hereinafter respondent) issued 1996 Opinion No. 1 (hereinafter the 1996 opinion), which opines that limited liability companies (hereinafter LLCs) are not subject to the campaign contribution limits imposed upon corporations and partnerships by the Election Law, and may thus make contributions subject to the higher limits imposed upon individuals — a result known as the "LLC Loophole." Critics assert that LLCs have acquired inordinate political [*2]influence as a result of the 1996 opinion, but legislative efforts to lower the contribution limits imposed upon them have been unsuccessful.
In April 2015, one of respondent's commissioners made a motion for respondent to direct its counsel to prepare an opinion that would rescind the 1996 opinion and provide updated guidance on the applicability of the Election Law's contribution limits to LLCs. The motion failed in a tie vote when two of the four commissioners voted against it (see Election Law § 3-100 [1], [4]). Petitioners — the Brennan Center for Justice at NYU School of Law and six individuals — then commenced this combined CPLR article 78 proceeding and action for a declaratory judgment against respondent seeking, among other things, a judgment rescinding the 1996 opinion and ordering respondent "to issue a new opinion or regulation consistent with the text and purpose of the Election and [Limited Liability Company] Laws."[FN1] Supreme Court dismissed the petition/complaint, finding, among other things, that petitioners lack standing. Petitioners appeal.
To establish standing to pursue this litigation, petitioners must show that they have suffered injury-in-fact and that the injury is within the zone of interests protected by the statute at issue (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]; Matter of Animal Legal Defense Fund, Inc. v Aubertine, 119 AD3d 1202, 1203 [2014]). Here, as in the related appeal, the contested issue is the injury-in-fact element, which requires a showing that petitioners "will actually be harmed by the challenged action. As the term itself implies, the injury must be more than conjectural" (Matter of Graziano v County of Albany, 3 NY3d 475, 479 [2004] [internal quotation marks, ellipsis and citation omitted]).
The six individual petitioners are current or former legislators or candidates for legislative office. The Brennan Center describes itself as "a not-for-profit, non-partisan public policy and law institute that focuses on issues of democracy and justice." Petitioners assert that respondent should have granted the motion to rescind the 1996 opinion because the LLC Loophole damages effective governance by intensifying the influence of large financial contributions upon elections. As in the related appeal, their arguments that the LLC Loophole raises issues "of vital public concern" are persuasive, but do not, without more, entitle them to standing (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991] [internal quotation marks omitted]; see Matter of Gilkes v New York State Div. of Parole, 192 AD2d 1041, 1042 [1993], lv denied 82 NY2d 654 [1993]). We find that petitioners lack standing because they have not established the required element of injury-in-fact.
To confer standing, a claimed injury may not depend upon speculation about what might occur in the future, but must consist of "cognizable harm, meaning that [a petitioner] has been or will be injured" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 214 [2004] [internal quotation marks and citation omitted; emphasis added]). Here, all of petitioners' claims of injury resulting from the denial of the April 2015 motion rely upon the assumption that the LLC Loophole would have been eliminated if the motion had been granted. That assumption is not supported by the open-ended language of the motion, which merely asked respondent to direct its counsel to prepare an opinion "provid[ing] updated guidance on the applicability of [Election Law] article 14 to [LLCs]." Nothing in this language required the new opinion to eliminate the LLC Loophole. If respondent had granted the motion, the resulting opinion might [*3]have reaffirmed the same analysis that established the LLC Loophole in 1996, rather than providing the altered statutory interpretation that petitioners contend should be adopted. Thus, petitioners' claims of injury-in-fact rely upon events that might not have occurred and are too speculative to demonstrate "concrete injury fulfilling the requirement of standing" (Matter of Town of E. Hampton v State of New York, 263 AD2d 94, 96 [1999]; see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 214-215 [2004]; Schulz v Cuomo, 133 AD3d 945, 947 [2015], appeal dismissed 26 NY3d 1139 [2016], lv denied 27 NY3d 907 [2016]). The parties' remaining contentions are rendered academic by this determination.
McCarthy, Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court granted a motion to intervene filed by respondents New York Republican State Committee and Edward Cox.