■ DAVID BELLO, Respondent, v BOARD OF EDUCATION OF FRANKFORT-SCHUYLER CENTRAL SCHOOL DISTRICT, Appellant.— Order unanimously reversed on the law without costs and motion granted. Memorandum: The complaint alleges that defendant, the school district, after testing plaintiff for scoliosis failed to report the results to plaintiff's parents until 14 months later, and that as a result, plaintiff's condition was aggravated. Defendant's motion to dismiss the complaint for failure to state a cause of action should have been granted. Education Law § 905 requires the school district to make tests of its pupils for scoliosis. Subdivision (2) of that section, however, provides that the school district "shall not suffer any liability to any person as a result of making such test or examination, which liability would not have existed by any provision of law, statutory or otherwise, in the absence of this section."

A reading of the provisions of the Education Law indicates that the Legislature did not intend to impose liability either for the making of the tests, for the failure to make the tests *(see, Grindle v Port Jervis Cent. School Dist.,* 118 AD2d 830) or for the failure to report the results of the tests. "A statute 'creates' no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise 'which would not exist but for the statute' " *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 305). Section 905 creates no liability to plaintiff because it discloses no intention that from disregard of its command, liability for resultant damage will arise. On the contrary, the expressed intention of the statute is that no liability shall arise from disregard of its commands.

There is no other provision of law, statutory or otherwise, that imposes a duty upon school districts to make scoliosis tests or to report the results of these tests. Although Education Law § 904 requires school districts to report the results of eye and hearing tests and tests for sickle cell anemia, section 905 does not require school districts to report the results of tests for scoliosis. Rule 136.3 of the Commissioner of Education (8 NYCRR 136.3 [5]) imposes a duty upon school districts to advise parents in writing of any defect in health requiring

medical attention. That rule, however, was promulgated under section 904, and it does not impose liability upon the school district to report the results of tests for scoliosis. (Appeal from order of Supreme Court, Herkimer County, Grow, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.