■ James Theodoreu, Appellant, v U.S. Cablevision Corporation, Respondent, et al., Defendants. [596 NYS2d 488] — Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered September 11, 1991 in Orange County, which granted a motion by defendant U.S. Cablevision Corporation for summary judgment dismissing the complaint against it.

Defendant U.S. Cablevision Corporation (hereinafter defendant) is the owner of a 1½-acre parcel located in the Town of Monroe, Orange County. Defendant's parcel is situated wholly within a parcel owned by plaintiff and his spouse, and defendant has an easement across that parcel for ingress and egress. In June 1988, defendant commenced an action to enjoin plaintiff and his spouse from interfering with defendant's attempt to install underground cables under its easement. Plaintiff and his spouse prevailed in that action and defendant appealed (see, U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835 [decided herewith]).

In the interim, on or about November 14, 1990, plaintiff commenced this action against defendant, the Town of Monroe and the Town's Building Inspector, alleging that defendant was required by virtue of the "Local Freshwater Wetlands Local Law of the Town of Monroe" to obtain a wetlands permit prior to commencing construction and seeking, inter alia, to enjoin defendant from engaging in any work on the site until such a permit had been obtained. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it.* Supreme Court granted defendant's motion and this appeal by plaintiff followed.

We affirm. In order for plaintiff to maintain this action, we must conclude that a private right of action may be implied from the local wetlands ordinance. To that end, we must consider "(1) whether the plaintiff is one of the class for whose particular benefit the [provision] was enacted; (2) whether recognition of a private right of action would promote the

---

* The record does not contain answering papers from either the Town or its Building Inspector.

legislative purpose; and (3) whether the creation of such a right would be consistent with the legislative scheme" *(Sheehy v Big Flats Community Day,* 73 NY2d 629, 633; *see generally, CPC Intl. v McKesson Corp.,* 70 NY2d 268; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314).

Here, plaintiff, an alleged owner of land adjacent to wetlands located within the Town, is arguably within the class of persons intended to be benefited by the local wetlands ordinance. Similarly, recognition of a private right of action in this regard would, as a general matter, advance the legislative purpose by promoting further enforcement of the ordinance. The Court of Appeals has made clear, however, "that the most critical inquiry in determining whether to recognize a private cause of action where one is not expressly provided is whether such action would be consistent with the over-all legislative scheme" *(Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d 207, 212). "Thus, regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme" *(Sheehy v Big Flats Community Day, supra,* at 634-635).

The wetlands ordinance at issue here provides for an extensive permit approval process and includes provisions for judicial review and enforcement of the ordinance, the imposition of fines and the initiation of legal proceedings by the Town. We therefore conclude that recognition of a private right of action would be inconsistent with the enforcement scheme set forth in the wetlands ordinance. Accordingly, defendant's motion for summary judgment dismissing the complaint against it was properly granted. In light of this determination, we need not address the remaining issues raised by the parties.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, without costs.