[675 NYS2d 704]

EMILY R. UHR, an Infant, by ROBIN W. UHR et al., Her Parents and Natural Guardians, et al., Appellants, v EAST GREEN-BUSH CENTRAL SCHOOL DISTRICT et al., Respondents.

Third Department, July 23, 1998

## APPEARANCES OF COUNSEL

*Rosenblum, Ronan, Kessler & Sarachan,* Albany (*Michael W. Kessler* of counsel), for appellants.

*Maynard, O'Connor, Smith & Catalinotto, L. L. P.,* Albany (*Leslie B. Neustadt* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

Since 1979, Education Law § 905 (1) has required public schools in New York to test children in certain age groups for scoliosis at least once in each school year. Plaintiff Emily R. Uhr, a student in defendant East Greenbush Central School District, was tested for scoliosis in October 1992 with negative results. She was not tested during the 1993-1994 school year. The next testing, performed in March 1995, was positive, and subsequent medical examination disclosed that Emily's scoliosis had by that time progressed to the point where bracing was not an option and surgery was necessary. In this action, plaintiffs seek to recover for damages allegedly caused by the delay in diagnosis and treatment resulting from defendants' failure to perform the mandated testing during the 1993-1994 school year. Supreme Court granted summary judgment in favor of defendants dismissing the complaint upon the ground that Education Law § 905, when read in conjunction with Education Law § 911, belies any legislative intent to create a private cause of action for noncompliance with the statutory mandate (*see, Bello v Board of Educ.,* 139 AD2d 945; *Grindle v Port Jervis Cent. School Dist.,* 118 AD2d 830). Plaintiffs appeal.

We affirm. Education Law § 905 (1) requires that "[m]edical inspectors or principals and teachers in charge of schools in this state * * * shall examine all * * * pupils between eight and sixteen years of age for scoliosis, at least once in each school year". The statute also requires the Commissioner of Education to provide the necessary instruction and equipment for conducting the testing (Education Law § 905 [1]). The statute does not expressly create a cause of action for a failure to perform the testing. Therefore, if a cause of action is to be found, it must be " ' "fairly implied" ' " in the statute or its legislative history (*Carrier v Salvation Army,* 88 NY2d 298, 302) based upon an inquiry as to: " '(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative

scheme' " (*id.*, at 302, quoting *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633; *see, Theodoreu v U.S. Cablevision Corp.*, 192 AD2d 847).

The parties agree that Emily is a member of the class that the statute was intended to benefit and we cannot state with any certainty that recognition of a private cause of action would not promote the legislative purpose underlying Education Law § 905 (1). Nonetheless, the third inquiry proves dispositive, for we conclude that a private cause of action is at sharp variance with the legislative scheme (*see, Carrier v Salvation Army, supra*, at 302). Notably, Education Law § 905 (2) provides that: "Notwithstanding any other provisions of any general, special or local law, the school authorities charged with the duty of making such tests or examinations of pupils for the presence of scoliosis pursuant to this section *shall not suffer any liability to any person as a result of making such test or examination*, which liability would not have existed by any provision of law, statutory or otherwise, in the absence of this section" (emphasis supplied).

Furthermore, responsibility for enforcing the statute is specifically vested in the Commissioner of Education, who may withhold funds from a district that willfully or negligently fails to comply with the statute (Education Law § 911). In light of these specific statutory provisions, immunizing school districts from liability and creating an express enforcement mechanism, plaintiffs' claims of contrary legislative intent are found to be unavailing. It is also significant that the Legislature amended Education Law § 905 (2) in 1994 (L 1994, ch 197), adding a reporting requirement in response to *Bello v Board of Educ.* (*supra*) without explicitly overruling the further holding of that case (*see, id.*) and of *Grindle v Port Jervis Cent. School Dist.* (*supra*) that there was no private cause of action under Education Law § 905 (*see, People v Damiano*, 87 NY2d 477, 489-490 [Simons, J., concurring]). Accordingly, we join the Fourth Department and the Second Department in the view that Education Law § 905 (1) creates no individual cause of action (*see, Bello v Board of Educ., supra*; *Grindle v Port Jervis Cent. School Dist., supra*).

As a final matter, we reject the contention that defendants had a common-law duty to perform scoliosis tests such as would give rise to a negligence cause of action.

MIKOLL, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.