■ JOHN DI BLASI, Appellant, v TRAFFAX TRAFFIC NETWORK et al., Respondents. [681 NYS2d 147] —Mikoll, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 31, 1997 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

This appeal requires us to ascertain whether plaintiff has stated, or in fact possesses, any cognizable cause of action in consequence of being discharged from his employment for complying with a summons for jury duty. On June 10, 1996, plaintiff commenced employment as an on-air traffic announcer for local television and radio stations with defendant Traffax Traffic Network. An employment agreement executed August

20, 1996[1] specified no fixed term but rather provided that plaintiff's employment would conclude upon "resignation/ termination". The agreement also incorporated the terms and conditions of an employee manual which provided, *inter alia*, that all requests for leaves of absence must be made in writing to an employee's immediate supervisor, and that "[o]ne day of unreported absence will be regarded as de facto resignation". Plaintiff has averred that he never received a copy of the employee manual.

On or about September 16, 1996, plaintiff received a summons for jury duty tentatively beginning the following week. He orally advised his supervisor (defendant Al Rooney) and several co-workers of this event. On September 23, 1996, plaintiff was directed to report for jury service the following day, and he immediately made several unsuccessful attempts to notify defendants that he would therefore be unable to work that day. In the early morning hours of September 24, 1996, he received a telephone call from Rooney directing him to report for work despite his jury duty obligation. Plaintiff did not go to work but reported instead for jury service. By letter dated September 24, 1996, Traffax terminated plaintiff's employment for failure to comply with the requirements of the employee manual relating to advance written notice of absence from work. This litigation ensued, with plaintiff asserting causes of action for violation of Judiciary Law § 519, and wrongful/ retaliatory discharge in violation of the public policy contained in Judiciary Law § 500. After issue was joined, defendants moved to dismiss the complaint pursuant to CPLR 3212. Supreme Court, holding that neither section of the Judiciary Law afforded plaintiff a private cause of action, granted defendants' motion and plaintiff appeals.

Although we are cognizant of the importance of having every eligible citizen participate as a juror in the judicial process, we note at the outset that plaintiff appears to concede that Supreme Court properly found no private right of action under Judiciary Law § 519. That section, while providing that no employee shall be subject to discharge or penalty for compliance with a jury duty directive, provides only for the sanction of criminal contempt upon an employer's violation thereof; it does

---

1. Although the copy of the employment agreement contained in the record bears only plaintiff's signature, Traffax has acknowledged its execution of the agreement.

not afford an aggrieved employee a civil remedy.[2] Plaintiff nonetheless urges us to exercise our "inherent power" to implement the clear public policy of Judiciary Law § 500 and to fashion a remedy for his wrongful and/or retaliatory discharge. This we cannot do, in the face of the clear rule that no such cause of action exists in New York (*see, Murphy v American Home Prods.*, 58 NY2d 293, 297; *Larson v Albany Med. Ctr.*, 252 AD2d 936).

Whether a private right of action may be implied depends not only on whether plaintiff is within the class intended to be protected by the statute, but whether creation of a private right of action would not only advance the legislative purpose but be consistent with the legislative scheme (*see, Sheehy v Big Flats Community Day*, 73 NY2d 629, 633; *CPC Intl. v McKesson Corp.*, 70 NY2d 268, 276-277; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314). "[T]he Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature". (*Sheehy v Big Flats Community Day, supra*, at 634-635). Here, of course, plaintiff is squarely within the protected class, and while affording him a private cause of action would unquestionably further the underlying public policy, to do so would require blatant disregard of the existing statutory scheme. As noted by Supreme Court and acknowledged by the litigants, the Legislature's action in the form of passing Senate Bill No. 7014, seeking to amend Judiciary Law § 519 to provide employees with a civil remedy, was vetoed by Governor Pataki (*see*, 1996 New York State Legis Digest, S 7014).

Plaintiff fares no better with his remaining argument, advanced for the first time on appeal, that he also alleged breach of a contractual relationship with Traffax, and that Supreme Court misapprehended its scope in dismissing the complaint. We find no support in the record for this contention. A careful reading of plaintiff's complaint discloses that it pleads a violation of Judiciary Law § 519 and, essentially, wrongful discharge. Even according the pleadings a liberal construction, with the benefit of every reasonable inference (*see, Leon v Mar-*

---

2. We note, interestingly, that the Court of Appeals has cited Judiciary Law § 519 as an example of the Legislature's response in protecting employees against abusive discharge by "prohibiting employers from discharging at-will employees for reasons contrary to public policy" (*Sabetay v Sterling Drug*, 69 NY2d 329, 337).

*tinez*, 84 NY2d 83, 88-89; *Flora v Kingsbridge Homes*, 214 AD2d 834, 836), we find that plaintiff has not stated a viable cause of action for breach of contract.

"[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333, *supra; Brooks v Key Pharms.*, 183 AD2d 1011, 1012). Plaintiff's employment agreement contains no fixed term and expressly provides that it ceases upon resignation or termination; hence, his employment was at will. Nor has plaintiff proffered anything to demonstrate any "limitation by express agreement on his employer's unfettered right to terminate at will" (*Sabetay v Sterling Drug, supra,* at 336; *see also, Brooks v Key Pharms., supra,* at 1012; *Marvin v Kent Nursing Home*, 153 AD2d 553, 554). In fact, this incident occurred within the 120-day probationary period within which the employer expressly reserved its right to terminate plaintiff for any reason whatever.

Defendants' request for sanctions, on the ground that plaintiff's conduct in maintaining this action was frivolous, is denied (*see,* 22 NYCRR 130-1.1 [c]; *Matter of Ashley v Delarm*, 234 AD2d 736).

Crew III, White and Carpinello, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, with costs.