OPINION OF THE COURT
George B. Ceresia, Jr., J.
Plaintiffs have commenced the above-captioned action for declaratory and injunctive relief in connection with certain amendments to the New York State Insurance Law promulgated by the State Legislature under Laws of 1997 (ch 426).[1] The legislative enactment, as relevant here, provides that companies which provide managed care health insurance plans in New York State must include chiropractic care as a part of their managed care coverage. Plaintiffs assert that the defendants have violated the provisions of Laws of 1997 (ch 426) by engaging in a variety of discriminatory practices including, inter alia, directing an enrollee away from chiropractic treatment and denying chiropractors fair compensation. They maintain that the defendants subject health plan enrollees to unnecessary and unwarranted review procedures in connection with the authorization of chiropractic treatment, and that the defendants compensate chiropractors at rates disproportionate to the compensation provided to other medical providers for similar services.
Defendants have made a motion to dismiss the complaint on a number of grounds including lack of standing to sue and failure to state a cause of action. They also argue that the action is prohibited under the principle of primary jurisdiction, and that the plaintiffs have not been granted a private right of action under the statute.
With respect to the question of standing, the court notes that this is a threshold issue, and a litigant must establish standing in order to seek judicial review (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769, 772). The burden of establishing standing is on the party seeking review (id.). In *863 order to have standing the following criteria must be met: (1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced; (2) the decision for which review is sought must be "shown to have a harmful effect upon the party asserting standing; and (3) there must be no clear legislative intent negating review (see, Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442-443 [1983], citing Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 8-11, and Matter of Bradford Cent. School Dist. v Ambach, 56 NY2d 158, 163-164; see also, Matter of Kirmayer v State of N. Y. Civ. Serv. Commn., 236 AD2d 705, 706 [3d Dept 1997]).
Organizational and/or associational standing involves application of a three-part test (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775 [1991], supra). The plaintiff must demonstrate: (1) that one or more of its members has standing to sue; (2) that the interests advanced (in the action or proceeding) are sufficiently germane to plaintiff’s purposes to satisfy the court that plaintiff is an appropriate representative of those interests; and (3) that the participation of the individual members is not required to assert the claim or to afford plaintiff complete relief (see, id.; Rudder v Pataki, 93 NY2d 273, 278 [1999]).
With respect to the law applicable to a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, pleadings shall be liberally construed, the facts as alleged accepted as true, and every possible favorable inference given to plaintiffs (see, Leon v Martinez, 84 NY2d 83, 87). On such a motion, the court is limited to examining the pleading to determine whether it states a cause of action (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275). In examining the sufficiency of the pleading, the court must accept the facts alleged therein as true and interpret them in the light most favorable to the plaintiff (see, Matter of Board of Educ. v State Educ. Dept., 116 AD2d 939 [3d Dept 1986]). Only affidavits submitted by the plaintiff in support of his or her causes of action may be considered on a motion of this nature (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635-636). On such a motion, the court’s sole inquiry is whether the facts alleged in the complaint fit within any cognizable legal theory, not whether there is evidentiary support for the complaint (see, Leon v Martinez, 84 NY2d 83, 87-88; Pietrosanto v NYNEX Corp., 195 AD2d 843, 844 [3d Dept 1993]).
The relevant portion of Laws of 1997 (ch 426) recites as follows:
*864 “Every policy * * * shall include coverage for chiropractic care, as defined in section six thousand five hundred fifty-one of the education law, provided by a doctor of chiropractic licensed pursuant to article one hundred thirty-two of the education law, in connection with the detection or correction by manual or mechanical means of structural imbalance, distortion or subluxation in the human body for the purpose of removing nerve interference, and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxation of or in the vertebral column. However, chiropractic care and services may be subject to reasonable deductible, co-payment and co-insurance amounts, reasonable fee or benefit limits, and reasonable utilization review, provided that any such amounts, limits and review: (a) shall not function to direct treatment in a manner discriminative against chiropractic care, and (b) individually and collectively shall be no more restrictive than those applicable under the same policy to care or services provided by other health professionals in the diagnosis, treatment and management of the same or similar conditions, injuries, complaints, disorders or ailments, even if differing nomenclature is used to describe the condition, injury, complaint, disorder or ailment.” (Insurance Law § 3216 [i] [21] [A].)
Turning first to the question of standing of the individual chiropractors, upon review of Laws of 1997 (ch 426), while it is clear that the purpose of the enactment was to secure coverage for chiropractic services to HMO enrollees, the court discerns nothing therein from which the court could conclude that it was adopted for the benefit of chiropractors. A review of the enactment’s statement of legislative intent (L 1997, ch 426, § 1), as well as the Senate Memorandum and Governor’s Memorandum supports this conclusion. In the court’s view, references to fees, deductibles, copayments and the like are there to assure that the coverage afforded to the patient is sufficient to enable the patient to secure the chiropractic services which he or she needs. Notably, “[a] party’s advocacy of legislation in which it has an economic interest does not confer standing unless it is shown that the protection of such interest was within the legislative purpose” (Matter of Professional Ins. Agents v New York State Ins. Dept., 197 AD2d 258, 260 [3d Dept 1994]).
Under the circumstances, the court finds that the individual chiropractors, Dr. Hudes, Dr. Angel and Dr. Liszewski, *865 do not fall within the zone of interests protected by the statute. The court, accordingly, finds that they lack standing under the statute to maintain the instant action.[2] Because the individual chiropractors lack standing, the court finds that the New York State Chiropractic Association, Inc. also lacks standing. As to all of the foregoing plaintiffs, the court concludes that the complaint fails to state a cause of action and must be dismissed.
With respect to the individual plaintiffs, Alice Senrick and Thomas Sacco, the complaint fails to allege any facts to support their claim that the acts of Capital District Physicians’ Health Plan, Inc. or Vytra Health Plans Long Island, Inc. have had a harmful effect upon them.
As noted, defendants maintain that there is no provision in Laws of 1997 (ch 426) authorizing the maintenance of a private right of action. The availability of a private right of action for violation of a statutory duty is quite limited. The determination hinges upon the following:
“ ‘(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted;
“ ‘(2) whether recognition of a private right of action would promote the legislative purpose; and
“ ‘(3) whether creation of such a right would be consistent with the legislative scheme’ ” (Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38 [1999], quoting Sheehy v Big Flats Community Day, 73 NY2d 629, 633).
While the court is of the belief that plaintiff Senrick falls within the class for whose benefit the statute was enacted, the court is of the further view there is nothing to support the latter two requirements. Notably, Public Health Law § 4408-a contains provisions for a grievance procedure available to enrollees. Under Public Health Law § 4910 (2) (a) (i) an enrollee has a right to appeal a denial of a medical service where the denial is predicated (as is the case with respect to Alice Senrick) on grounds that the health care service was not medically necessary. The court discerns nothing within the statutory scheme supportive of a claim that the creation of a private right of action would promote the legislative purpose. In view of the review procedures which have been noted, it would appear that *866 a private right of action would, in fact, be inconsistent with the legislative scheme, which contains its own review mechanism for these kinds of disputes. The court finds that the legislation does not confer a private right of action upon plaintiffs Senrick and Sacco.
The court concludes that the complaint, as it relates to the claims of Alice Senrick and Thomas Sacco, fails to state a cause of action.
The court need not address the remaining issues raised by the parties. The court concludes that the motions must be granted and the complaint dismissed as to the moving defendants.
Accordingly, it is ordered that the motions of Capital District Physicians’ Health Plan, Inc., Access Health IPA, Inc., Landmark Health Care IPA of New York, Inc., Vytra Health Plans Long Island, Inc., Health Insurance Plan of Greater New York, Inc. and Physicians Health Services of New York, Inc. to dismiss the complaint are granted; and it is further ordered and adjudged that the complaint be and hereby is dismissed as against Capital District Physicians’ Health Plan, Inc., Access Health IPA, Inc., Landmark Health Care IPA of New York, Inc., Vytra Health Plans Long Island, Inc., Health Insurance Plan of Greater New York, Inc. and Physicians Health Services of New York, Inc.

. See, Insurance Law § 3216 (i) (21); § 3221 (k) (11); § 4303 (y).

. Consistent with the foregoing, the court finds, for the reasons set forth below with respect to its discussion of the existence of a private right of action, that the individual chiropractors do not fall within the class for whose benefit the statute was enacted. Accordingly, Laws of 1997 (ch 426) does not confer a private right of action upon individual chiropractors.