■ ELIOT S. HUDES et al., Appellants, v VYTRA HEALTH PLANS LONG ISLAND, INC., et al., Respondents. [744 NYS2d 80] —Mugglin, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 4, 2001 in Albany County, which granted defendants' motions to dismiss the complaint for failure to state a cause of action.

Plaintiffs in this action are New York State Chiropractic Association, Inc. (hereinafter NYSCA), three chiropractors and two chiropractic patients. In their complaint, they allege that defendants are in violation of certain amendments to the Insurance Law enacted as the Laws of 1997 (ch 426; *see*, Insurance Law § 3216 [i] [21]; § 3221 [k] [11]; § 4303 [y]). In essence, plaintiffs allege that defendants, in violation of these statutory amendments, are compensating chiropractors at rates disproportionately lower than those given to other medical providers performing similar services. They also allege that defendants are improperly restricting access to chiropractic treatment. Supreme Court, inter alia, dismissed the complaint for failure to state a cause of action, finding that the Laws of 1997 (ch 426) conferred no private right of action in favor of any plaintiff. Our review leads us to the conclusion that this issue is dispositive and we affirm.

The statute (*see*, L 1997, ch 426, §§ 1-7) contains no language

which confers a private right of action to enforce its provisions. To succeed, therefore, plaintiffs must demonstrate that a private cause of action arises by implication from the statutory scheme. That occurs if the following factors are present: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 633). Here, the three chiropractors and, by extension, NYSCA, are not members of the class for whose benefit the statute was enacted. The specific legislative intent was to expand patient access to and coverage for chiropractic care (*see*, L 1997, ch 426, § 1), and "to make [chiropractic] treatment available to all New Yorkers" without "impermissibly increasing the costs of health care coverage" (Governor's Mem, 1997 McKinney's Session Laws of NY, at 1942). Nothing in the statutory scheme supports the contention that an additional purpose was to protect the economic interests of doctors of chiropractic. Thus, Supreme Court properly dismissed the claims of the three chiropractors and, by extension, NYSCA (*see*, *HANYS Servs. v Empire Blue Cross & Blue Shield*, 292 AD2d 61, 65; *Harvard Fin. Servs. v State of New York*, 266 AD2d 685, 686).

Next, while the two patients are part of the class for whose particular benefit the statute was enacted, their claims fail the second and third prongs of the *Sheehy* analysis (*see*, *Sheehy v Big Flats Community Day, supra* at 633). Even where the recognition of a private cause of action might arguably promote one aspect of a statute's legislative goals, the greater concern is the " 'consistency of doing so with the purposes underlying the legislative *scheme*' " (*id.* at 634, quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 325 [emphasis in original]; *see*, *Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 40; *Theodoreu v U.S. Cablevision Corp.*, 192 AD2d 847, 848). Avoiding unwarranted interference with the legislative scheme is the "most critical" factor in determining whether a private cause of action may be fairly implied from the enactment of a statute (*Mark G. v Sabol*, 93 NY2d 710, 720; *see*, *Carrier v Salvation Army*, 88 NY2d 298, 302; *Di Blasi v Traffax Traffic Network*, 256 AD2d 684, 686). Thus, where a regulatory agency has either been selected or, in fact, serves to administratively enforce the duties created by a statute, "a private right of action should [ordinarily] not be judicially sanctioned" (*Sheehy v Big Flats Community Day, supra* at 634-635; *see*, *Mark G. v Sabol, supra* at 720; *Theodoreu v U.S. Cablevision Corp., supra* at 848).

Here, the Superintendent of Insurance possesses broad regulatory powers over the health plans at issue (*see*, Insurance Law § 3201; Public Health Law § 4401 [5]; § 4406). In addition to this administrative oversight in enforcement, Supreme Court correctly noted that Public Health Law § 4408-a contains provisions requiring that grievance procedures be made available to managed care enrollees and that Public Health Law § 4910 (2) (a) (i) specifically provides enrollees with a right to an external appeal whenever coverage is denied upon the ground that service is not medically necessary. Supreme Court correctly determined, therefore, that recognition of a private right of action in favor of the patients would not advance the legislative purpose and would be inconsistent with the legislative scheme.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 187 Misc 2d 861.]