Wolf v Mony Life Ins. Co. (2025 NY Slip Op 50534(U))

[*1]

Wolf v Mony Life Ins. Co.

2025 NY Slip Op 50534(U)

Decided on April 14, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 14, 2025
Supreme Court, Kings County

Samuel D. Wolf, as Executor of the Estate of Moses Wolf, 
 SAMUEL D. WOLF, Individually, GITTEL FRANKEL, SHAINDEL LANDYNSKI, and ROCHELLE PIOTRKOVSKI, Plaintiffs,

against
Mony Life Insurance Company, Defendant.

Index No. 517078/2024

Lipsius BenHaim Law LLP, Kew Gardens (David Benhaim of counsel), for Plaintiffs.
Fishkin Lucks LLP, New York City (Zachary W. Silverman of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Nos. 2-15.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within matter is determined as follows.
Issue
Whether Plaintiffs' causes of action for breach of contract, breach of New York Insurance Law § 3203 (a) (1), and declaratory judgment should survive Defendant MONY Life Insurance Company's motion to dismiss, where the life insurance policy at issue lapsed in September 2020, and Plaintiffs contend that Defendant failed to provide the requisite statutory grace period and notice and Defendant asserts that it complied with the law in effect at the time it was issued in 1985 and that the statutory amendment Plaintiffs rely upon did not apply retroactively.

 Introduction
This matter concerns a motion filed by Defendant MONY Life Insurance Company ("Defendant") for an order pursuant to CPLR 3211 dismissing with prejudice the complaint of Plaintiffs Samuel D. Wolf both in his individual capacity and as executor of the Estate of Moses [*2]Wolf, Gittel Frankel, Shaindel Landynski, and Rochelle Piotrkovski ("Plaintiffs").

 Background
In January 1985, Defendant issued a flexible premium adjustable life insurance policy ("the policy") on the life of Moses Wolf, the insured in this matter ("the insured" or "the deceased"), in the face amount of $500,000 under Policy Number XXXXX-XX-XX. Plaintiffs were designated as beneficiaries of the policy. In August 2020, the policy entered its 31-day grace period, and Defendant sent the insured an Insufficient Value Notice dated August 14, 2020, advising that a premium payment of $5,285.88 was due by September 14, 2020, to prevent the policy from terminating without value.[FN1]
Defendant did not receive the additional payment on the policy by September 14, 2020, which resulted in the policy lapsing. Following the policy's lapse, the insured requested a reinstatement application for the policy, which Defendant provided. However, the insured died on March 5, 2021, five months later, before the underwriting process on the reinstatement application could be completed. Defendant refused to pay a death claim.

 Procedural History
On June 21, 2024, Plaintiffs initiated this lawsuit, asserting three causes of action in their complaint: (1) breach of contract, on the alleged grounds that the policy was in effect, Defendant refused to answer questions, Defendant's lapsing of the policy was ineffective, and Plaintiffs were entitled to the death benefit; (2) breach of New York Insurance Law, on the alleged grounds that Defendant failed to send a grace notice, provided only a 31-day grace period, and Plaintiffs were entitled to the death benefit; and (3) declaratory judgment, on the alleged grounds that Defendant failed to send a timely grace period and Plaintiffs were entitled to the death benefit.
Plaintiffs assert that the insurance policy's 31-day contractual grace period was insufficient under New York State law, and that New York Insurance Law § 3203 (a) (1) instead requires the policy to contain a 61-day grace period for the payment of premiums.[FN2]
However, Defendant argues that the 61-day grace period provision only became effective in a 2008 amendment and is thus inapplicable to the policy here. Accordingly, it is Defendant's argument that because the 2008 amendment to Insurance Law § 3203 (a) (1) is clearly not retroactive and does not apply to the policy at issue in this lawsuit, each count of Plaintiffs' complaint necessarily fails to state a claim for relief.
Regarding Plaintiffs' other claims, Defendant asserts that Plaintiffs' claim for breach of Insurance Law § 3203 (a) (1) should be dismissed as well for the independent reasons that there is no private right of action for breach of New York Insurance Law § 3203 (a) (1), and because it is duplicative of Plaintiffs' breach of contract claim. Defendant asserts that Plaintiffs' claim for a declaratory judgment should be dismissed for the independent reason that it improperly seeks to address alleged past wrongs and is duplicative of Plaintiffs' breach of contract claim.
As stated in Fontanetta v Doe, "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (Fontanetta v Doe, 73 AD3d 78, 83-84 [2d Dept 2010]). A pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7) is "a procedural posture which requires that 'we accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim' " (Davis v Boeheim, 24 NY3d 262, 268 [2014]). "Unlike on a motion for summary judgment where the court 'searches the record and assesses the sufficiency of the parties' evidence,' on a motion to dismiss the court 'merely examines the adequacy of the pleadings' " (id.). "On a motion to dismiss pursuant to CPLR 3211 (a) (1), "the defendant has the burden of demonstrating that the documentary evidence conclusively resolves all factual issues and that plaintiff's claims fail as a matter of law" (Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]). "While a complaint is to be liberally construed in favor of plaintiff on a CPLR 3211 motion to dismiss, the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the disputed facts" (id.).

 Breach of New York Insurance Law § 3203 (a) (1)
New York Insurance Law § 3211 (d)[FN3]
and § 3203 (a) (1)[FN4]
are both relevant in this case. Sections 3211 and 3203 of the New York Insurance Law provide certain statutory requirements [*3]that an insurer must comply with in order to terminate a life insurance policy. Specifically, § 3203 (a) (1) requires that for flexible premium policies, such as the policy at issue in this matter, the policyholder is entitled to a 61-day grace period. Additionally, § 3211 (a) (1) requires that for flexible premium policies, a grace notice must be mailed "no earlier than and within thirty days after the day when the insurer determines that the net cash surrender value under the policy is insufficient to pay the total charges that are necessary to keep the policy in force." Further, the notice sent by the insurer must "state the amount of the payment, the date when due, the place where, and the person to whom it is payable" (Insurance Law § 3211 [b] [2]).[FN5]

For example, in Bradley v William Penn Life Ins. Co. of NY (170 AD3d 936 [2d Dept 2019]), an action was commenced to recover the proceeds of a life insurance policy following the insurer's disclaimer of coverage on the ground that the policy was cancelled for nonpayment of the premium prior to the policyholder's death. It was argued that the insurer "failed to give notice of the premium due as required by Insurance Law § 3211 and, therefore, by virtue of the provisions of that statute, the policy continued for one year after the March 14, 2012, default in payment and was, thus, in effect at the time of Walter Bradley's death" (id. at 938.). Similarly, in Blumenberg v Aviva Life & Annuity Co. of NY, 41 Misc 3d 1207[A], 2013 NY Slip Op 51612[U] [Sup Ct, Kings County 2013], the plaintiffs commenced an action against the insurer contending that the insurer failed to comply with both the terms of the policy and with the requirements of Insurance Law § 3211. In both cases, the courts held that the insurers' attempt to terminate the life insurance policy was ineffective because the insurer was found to be in violation of New York Insurance Law's grace notice requirements.[FN6]

Defendant asserts that each of Plaintiffs' claims should be dismissed because the life insurance policy complied with applicable law at the time it was issued. When the policy was issued in January 1985, § 3203 did not require any life insurance policies to contain a 61-day grace period.[FN7]
Rather, as of 1985, § 3203 (a) (1) required only a 31-day grace period for all life insurance policies issued or delivered in the state (see Insurance Law § 3203 (a) (1) [amended by [*4]L 2008, ch 264, § 1, eff Oct. 5, 2008]). It was not until October 2008 that § 3203 (a) (1) was amended to require that for life insurance policies where the amount and frequency of premiums may vary, there be a 61-day grace period, and there is no indication that the legislature intended that amendment to apply retroactively to policies issued before October 2008 (see Bill Jacket, L 2008, ch 264).
In Defendant's moving papers, it asserts that courts routinely apply to contracts the law that was in effect at the time a contract was executed (see Accident & Cas. Ins. Co. v Mercer Prods., 199 Misc 822 [App Term 1st Dept 1951]). In Majewski v Broadalbin-Perth Cent. Sch. Dist. (91 NY2d 577, 581 [1998]), the Court of Appeals was tasked with determining "whether certain amendments to the Workers' Compensation Law should be construed as retroactively applicable to pending actions." "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (id. at 584). And in the insurance context specifically, courts have held that amendments to provisions of the New York Insurance Law do not apply retroactively to policies issued before the effective date (see McPartlon v Continental Cas. Co., 2017 WL 4286280, *3 n 9, [ND NY, Sept. 26, 2017, No. 1:15-cv-299 (GLS/CFH)]; Indian Harbor Ins. Co. v City of San Diego, 972 F Supp 2d 634, 648 [SD NY 2013] [explaining that the amended version of New York Insurance Law § 3420 (a) applies only to policies issued or delivered in New York on or after the effective date]).
Defendant asserts that here, the language of the amended statute is devoid of any indication that it was intended to apply retroactively, let alone a clear expression of such intent. Likewise, the materials in the bill jacket do not suggest that the legislature intended for the amended version of Section 3203 to apply to policies issued before its effective date. As such, this Court must apply the text of § 3203 in effect when the policy was issued in January 1985, not the amended version of the statute. This Court agrees. Accordingly, the 2008 amendment to New York Insurance Law § 3203 (a) (1) does not retroactively apply to the life insurance policy at issue herein.

 Private Right of Action
Where a statute does not expressly prescribe a private right of action, one can nevertheless be implied, provided that it is consistent with the legislative intent (Uhr v East Greenbush Cent. School Dist., 94 NY2d 32 [1999]). A private right of action will be implied if (1) the plaintiff is a member of the class for whose benefit the statute was enacted, (2) the recognition of such right promotes the legislative purpose which undergirds the statute, and (3) the creation of such right is consistent with the legislative scheme for the statute (Sheehy v Big Flats Community Day, Inc., 73 NY2d 629, 633 [1989]). Accordingly, the Court should dismiss claims attempting to create a private right of action under § 3203 or § 3211 of the Insurance Law, as these statutes do not explicitly or impliedly provide such a private right of action. One cannot bring a private right of action under the New York Insurance Law provisions at issue herein.

Breach of Contract
"The essential elements for pleading a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the [*5]defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Dee v Rakower, 112 AD3d 204, 208-209 [2d Dept 2013]).
Regarding Plaintiffs' breach of contract claim, Defendant asserts that Plaintiffs' claim for breach of § 3203 (a) (1) should be dismissed because the statute does not provide for a private right of action. As a threshold matter, "[t]he availability of a private right of action for violation of a statutory duty is quite limited" (Hudes v Vytra Health Plans Long Is., 187 Misc 2d 861, 865 [Sup Ct, Albany County 2001], affd 295 AD2d 788 [3d Dept 2002]), which is particularly true regarding the New York Insurance Law. Here, the text of § 3203 (a) does not "explicitly provide for a private right of action" (Kamins v United Healthcare Ins. Co. of NY, Inc., 171 AD3d 715, 716 [2d Dept 2019]). Accordingly, "recovery may only be had under the statute if a legislative intent to create such a right of action may 'fairly be implied' in the statutory provisions and their legislative history" (id.). However, no legislative intent is present creating such a right of action.
Since the insured's policy was issued in January 1985, the insurer was to send a grace notice no earlier than and within 31 days after the date when the insurer determined that the net cash surrender value of the policy was insufficient to cover the necessary charges to keep the policy in force. Here, Defendant asserts that in August 2020, the policy entered its 31-day grace period, and Defendant sent the insured an Insufficient Value Notice dated August 14, 2020, advising that a premium payment of $5,285.88 was required by September 14, 2020 (exactly 30 days) to prevent the policy from terminating without value. However, an issue of fact remains here. It is asserted by Plaintiffs that the grace notice was not received in time for the decedent to avail himself of the opportunity to make a payment; the grace notice arrived after the policy was terminated (for reference, this could be construed to mean that no grace notice was ever sent). Moreover, evidence exists here that the insurance company was not cooperative in addressing inquiries by the policyholder and the policyholder's family. Accordingly, the breach of contract action must survive.
The breach of contract claim is distinct from statutory violations under the Insurance Law because it focuses on Defendant's contractual obligations under the insurance policy itself, not statutory requirements. Importantly, Defendant's motion to dismiss fails to address this breach of contract claim, which strengthens Plaintiffs' argument that the claim should survive dismissal regardless of the outcome of the statutory claims.
Furthermore, the insured consistently paid premiums for over 35 years, fulfilling his obligations under the policy. In addition, the policy likely contained provisions requiring Defendant to notify the policyholder when the policy was entering a grace period due to insufficient premium payments.[FN8]
Defendant allegedly failed to send the required grace notice until September 15, 2020, which was after the policy had already lapsed (allegedly on September 14, 2020). Sending the notice after the policy had lapsed rendered Defendant's termination of the policy invalid under the contract's terms. Additionally, during the grace period, the insured should have had the opportunity to pay the overdue premium to keep the policy active. When the insured contacted Defendant in August 2020 to inquire about the premium amount due, Defendant's representatives allegedly refused to provide the necessary information, effectively [*6]preventing the insured from making the payment that could have kept the policy in force. By obstructing the insured's ability to cure the default, Defendant may have breached its implied duty of good faith and fair dealing inherent in all contracts.[FN9]

Therefore, while Plaintiffs lack a viable cause of action for breach of Insurance Law statutory provisions, there does appear to be a viable cause of action on the merits sounding in breach of contract.

 Declaratory Judgment
Regarding Plaintiffs' request for a declaratory judgment, CPLR 3001 provides in pertinent part as follows: "The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001). "A declaratory judgment action thus 'requires an actual controversy between genuine disputants with a stake in the outcome,' and may not be used as 'a vehicle for an advisory opinion' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:3)." (Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253, 253 [1st Dept 2006]). Here, Plaintiffs assert that a declaratory judgment is necessary to clarify the validity of the life insurance policy.
However, Plaintiffs' declaratory relief claim erroneously seeks to adjudicate prior conduct and purported injuries, namely, whether the policy properly lapsed.[FN10]
Because Plaintiffs [*7]do not seek a finding regarding any ongoing or future duties under the policy, and instead seek only a determination that they are entitled to the death benefit, Plaintiffs' cause of action for declaratory judgment is improper.[FN11]
As stated, "The primary purpose of declaratory judgments is to adjudicate the parties' rights before a 'wrong' actually occurs in the hope that later litigation will be unnecessary (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148, supra, and authorities cited there)" (Klosterman v Cuomo, 61 NY2d 525, 538 [1984]; see Trovato v Galaxy Sanitation Servs. of NY, Inc., 171 AD3d 832 [2d Dept 2019]). Moreover, "The decision to entertain an action for declaratory judgment is a matter committed to the sound discretion of Supreme Court, which may decline to consider such relief where other adequate remedies are available" (Clarity Connect, Inc. v AT&T Corp., 15 AD3d 767, 767 [3d Dept 2005]).
Defendant lapsed this policy in 2020 and there is no dispute that the decedent was aware that the policy lapsed in 2020. Plaintiffs (the beneficiaries) did not bring a lawsuit until 2024. Defendant argues that Plaintiffs cannot evade the two-year statute of limitations,[FN12]
which they did not meet, by framing their claim as a request for declaratory relief since it is still fundamentally an attempt to recover the death benefit. The Court agrees with Defendants insofar as this point is concerned.[FN13]
The instant controversy between the parties lies in a claim for breach of contract. It involves actions which took place in the past and entails a determination whether Plaintiffs should be compensated. The action does not seek to lay out the duties and rights of parties in an ongoing manner. At this stage in the litigation, there appears to be an issue of fact regarding proper notice by Defendant to the insured decedent, and that would control a determination of the breach of contract claim as well as perhaps an affirmative defense of the expiration of the statute of limitations (but see Reich v Banklers Life & Cas. Co. of NY, 99 AD2d 457 [2d Dept 1984] for discussion of whether Insurance Law § 3211 (d) [formerly §151 (4)]'s two-year statute of limitations has any applicability).
The declaratory judgment cause of action — whether interposed because there might be a statute of limitations issue or for another reason — is inappropriate in this matter because it does not involve a present controversy going into the future. Moreover, there are money damages [*8]sought that will satisfy Plaintiffs in this matter if they prevail on their breach of contract claim.

 Conclusion
Accordingly, IT IS HEREBY ORDERED as follows:
(1) Defendant's motion seeking an order pursuant to CPLR 3211 dismissing Plaintiffs' complaint is GRANTED TO THE EXTENT of striking the causes of action alleging breach of the Insurance Law and entitlement to a declaratory judgment.
(2) The second and third causes of action in Plaintiffs' complaint are stricken.
(3) Defendant's motion is DENIED with respect to Plaintiffs' cause of action alleging breach of contract.
(4) Defendant shall serve an answer within 30 days of service of this Order with notice of entry.

Footnotes

Footnote 1:If the value of a life insurance policy is sufficient to cover the premiums, no issues arise. However, when the policy's value falls below the amount needed to pay the premiums, a problem occurs. In such cases, an Insufficient Value Notice is sent to provide the insured with enough time to make a payment directly, rather than having the premiums deducted from the policy's remaining value.

Footnote 2:The insured's policy was issued in January 1985. The current version of New York Insurance Law § 3203 (a) (1), which Plaintiffs rely on, requires that certain life insurance policies provide a 61-day grace period.

Footnote 3:New York Insurance Law § 3211 (d) provides the following: "No action shall be maintained to recover on any life insurance policy, or on any such non-cancellable contract of permanent and total disability insurance, which has lapsed because of default in making such payment (except an action to recover the cash surrender value or nonforfeiture benefit) unless the action is instituted within two years from the date of such default.

Footnote 4:. New York Insurance Law § 3203 (a) (1) provides the following: "[T]hat, for policies in which the amount and frequency of premiums may vary, after payment of the first premium, the policyholder is entitled to a sixty-one day grace period, beginning on the day when the insurer determines that the policy's net cash surrender value is insufficient to pay the total charges necessary to keep the policy in force for one month from that day, within which to pay sufficient premium to keep the policy in force for three months from the date the insufficiency was determined. For all other policies, after payment of the first premium, the policyholder is entitled to a thirty-one day grace period or of one month following any subsequent premium due date within which to make payment of the premium then due. During such grace period, the policy shall continue in full force[.] [emphasis added]"
Footnote 5:Here, Plaintiffs allege that the insured did not receive a grace notice until September 15, 2020, after Defendant terminated the Policy, and that Defendant's grace notice only provided a grace period of 31 days.

Footnote 6:For example, in Bradley it was held that "The evidence submitted on the motion and cross motion established that William Penn was aware that the policyholder had changed his address, but it failed to send a notice of premium due to that last known address at least fifteen days prior to the day when such payment became due. . . . Consequently, in accordance with the statute, the policy remained in effect for one year after the March 14, 2012, premium due date" (Bradley, 170 AD3d at 939).

Footnote 7:Please note that a copy of the insurance policy and the Insufficient Value Notice are not included as exhibits and were not uploaded onto NYSCEF. When asked during oral arguments why these two documents were not uploaded, Defendant's counsel stated that he thought that he did not need the policy or the Insufficient Value Notice because both parties must accept as true on the motion that there was a termination notice provided and that this notice was not provided to decedent until September 15, 2020, when the policy lapsed.

Footnote 8:. Neither the insurance policy nor the Insufficient Value Notice was included by Defendant as an exhibit to the emotion.
Footnote 9:. "Within every contract is an implied covenant of good faith and fair dealing. This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement. For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff" (Aventine Investment Management, Inc. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 513-514 [2d Dept 1999] [citations omitted]).

Therefore, "Even if a party is not in breach of its express contractual obligations, it 'may be in breach of the implied duty of good faith and fair dealing . . . when it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denies or to deprive the other party of the fruit [or benefit] of its bargain' " (Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 784 [2d Dept 2012]). And Defendant's refusal to provide premium information or assist the insured when he sought to keep the policy active can be construed as a breach of this implied duty.
Footnote 10:Plaintiffs assert that their declaratory judgment cause of action is not seeking to adjudicate "prior conduct," but is seeking to rather adjudicate whether Plaintiffs are — presently, right now — entitled to the policy's death benefit. That is, Plaintiffs are not only bringing a breach of contract cause of action for Defendant's wrongful termination of the policy but are also seeking a declaratory judgment that the policy was in force at the time of the insured's death and that the beneficiaries are now entitled to the death benefit proceeds.

Footnote 11:Moreover, to confirm that Plaintiffs' breach of contract and declaratory relief claims involve the same factual dispute and seek the same relief, the Court need look no further than the identical allegations contained in each cause of action in the complaint. Under Count I for breach of contract, Plaintiffs allege: "MONY's attempt to lapse the Policy was ineffective," and "By reason of the foregoing, Plaintiffs are entitled to the death benefit" (Complaint at ¶¶ 28, 30). And under Count III for declaratory relief, Plaintiffs again allege: "MONY's attempt to lapse the Policy is ineffective," and "By reason of the foregoing, Plaintiffs are seeking a declaratory judgment setting forth their entitlement to the entire death benefit" (id. at ¶¶ 41, 45.).

Footnote 12:See note 3 supra.

Footnote 13:The Court declines to dismiss this action on statute of limitations grounds since the issue was not raised until Defendant served and filed its reply (see Potter v Blue Shield of Northeastern NY, 216 AD2d 773 [3d Dept 1995]; cf. Held v Kaufman, 238 AD2d 546 [2d Dept 1997]).